**Dated: May 18, 2018**

**The following is ORDERED:**





Janice D. Loyd
U.S. Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| In re: ) | |
| ) | |
| MICHAEL L. WARRIOR, and ) | Case No. 15-10076-JDL |
| BRANDI J. WARRIOR ) | Ch. 13 |
| ) | |
| Debtors. ) | |

## ORDER DENYING MOTION TO AVOID LIEN

### I. Introduction

This is another one of those unfortunate circumstances where the demands of the title examiner cannot be satisfied by the remedies available through this Court. Before the Court for consideration is the *Motion to Avoid Judicial Lien, Supporting Memorandum, Notice of Opportunity for Hearing and Request for Compensation* filed by the Debtors on April 11, 2018 (the "Motion") [Doc. 48]. Although no objections or responses to the Motion were filed within the time permitted by law, "courts are not required to grant a request for relief simply because the request is unopposed." *In re Millspaugh*, 302 B.R. 90, 95 (Bankr.

D. Idaho 2003) (quoting *In re Franklin*, 210 BR 560, 562 (Bankr. N.D. Ill. 1997). This Court is obligated to follow and apply the law, even where the litigants unanimously (either affirmatively or through their silence) urge otherwise. *Nunez v. Nunez (In re Nunez)*, 196 B.R. 150, 156-57 (9th Cir. BAP 1996) ("the granting of an uncontested motion is not an empty exercise but requires that the court find merit to the Motion"). As Judge Learned Hand stated, "A judge is more than a moderator; he is charged to see that the law is properly administered, and it is a duty he cannot discharge by remaining inert." *United States v. Marzano,* 149 F.2d 923, 925 (2nd Cir. 1945); *Wetherbee v. Willow Lane, Inc. (In re Bestway Products, Inc.)*, 151 B.R. 530, 540 n.31 (Bankr. E.D. Cal. 1993).

This is the situation confronting the Court in this case. Although the Debtors' Motion is unopposed, the Court is required to find legal merit to the Motion. For the reasons discussed below, as a matter of law the Debtors are not entitled to avoid the purported judicial lien as impairing an exemption pursuant to 11 U.S.C. § 522(f).[1] The following constitutes the findings of fact and conclusions of law underlying the Court's denial of Debtors' Motion.

## II. The Issue

At issue is whether 11 U.S.C. § 522(f) permits a debtor to avoid a judicial lien recorded prior to the time the debtor intends to acquire post-petition real property in which the debtor intends to claim a homestead exemption. Put otherwise, can a debtor avoid a judicial lien on property he doesn't even yet own?

---

[1] Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*

### III. The Facts

For purposes of determining the issue before the Court, the following facts are not disputed:

1. On August 10, 2012, the United States of America obtained a judgment in the amount of $7,203 against Debtor Michael L. Warrior in the United States District Court for the Western District of Oklahoma in Case No. CIV-2012-623-HE. [Motion, Doc. 48 ¶ 2]. On September 17, 2002, the United States filed an Abstract of Judgment ("Judgment") in the Office of the County Clerk of Oklahoma County, Oklahoma.[2]

2. At the time the Abstract of Judgment was filed with the Oklahoma County Clerk, the Debtors did not own any real property. [Motion, Doc. 48 ¶ 3].

3. The Debtors filed their petition for relief under Chapter 13 on January 10, 2015. At the time of the filing of the bankruptcy neither debtor owned any real property. [Schedule A, Doc. 1, pg. 10 ].

4. The Debtors are now attempting to acquire real property which they intend to occupy as their homestead. As a condition to approving the Debtors' loan for the purchase of their new home, the prospective lender has made a title requirement that the Judgment be avoided. [Motion, Doc. 48 ¶ 3].

### IV. Discussion

In analyzing the issue presented, there are two separate considerations: (1) is there a judgment lien which can be avoided, and (2) if so, can it be avoided by the Debtors under § 522(f).

---

[2] Although they now seek to avoid the judgment lien, the Debtors did not list the United States of America as a creditor in their bankruptcy Schedules.

### 1. The Debtors have not yet acquired any post-petition property to which a lien could attach.

The manner of lien creation and perfection is governed by applicable state law. Oklahoma Title 12 O.S. § 706(B) provides for the creation of a "judgment lien on the real estate of the judgment debtor within a county only from and after a Statement of Judgment made by the judgment creditor or the judgment creditor's attorney ... has been filed in the office of the County Clerk in that county." Under Oklahoma law, as is the law of most states, "where a judgment is entered and kept alive by the issuance of executions, and, during the life of the judgment, the judgment debtor thereafter acquires property such judgment becomes a lien thereon." *Miller v. J. I. Case Threshing Machine Co.*, 1931 OK 344, 300 P. 399. In short, in Oklahoma judgment liens attach to the judgment debtor's after-acquired property. The problem for the Debtors in this case is that they haven't yet acquired the property to which any lien could attach. Therefore, there is no lien to be avoided.

Furthermore, even if or when the Debtors acquire property after filing bankruptcy, judgment liens created pre-petition would not attach to that post-petition acquired property. The great weight of authority holds that a petition in bankruptcy generally works to prevent pre-petition liens and other obligations from attaching to property acquired after the petition has been filed. *United States v. Gold (In re Avis)*, 178 F.3d 718, 722-23 (4th Cir. 1999) (Bankruptcy Code's automatic stay provision prevents attachment of IRS inchoate tax lien to debtor's property acquired post-petition); *In re Fuller*, 134 B.R. 945, 947 (9th Cir. BAP 1992) ("A petition in bankruptcy generally works to prevent pre-petition liens and other obligations from attaching to property after the petition has been filed."); *In re Earley*, 305

4

B.R. 837, 842-43 (Bankr. N.D. Ill. 2004) (automatic stay prevents a pre-petition continuing garnishment lien from attaching to wages earned post-petition); *In re Bellman Farms, Inc.*, 86 B.R. 1016, 1020 (Bankr. D. S.D. 1988) (creation and perfection of post-petition liens, which became due and owing by operation of law without any affirmative act by county, nevertheless violated automatic stay).

In the Tenth Circuit, in *Rodriguez v. Gelman (In re Local Service Corporation),* 503 B.R.136 (Bankr. D. Colo. 2013), the Bankruptcy Court for Colorado held that "in addressing an issue of apparent first impression in the jurisdiction, by virtue of the automatic stay, a bankruptcy filing prevents the attachment of what would otherwise be a valid post-petition involuntary lien, including an after-acquired judgment lien.[3]   Although the law holds that the United States' pre-petition lien would not attach to any post-petition property, there is no post-petition property yet acquired by the Debtors to make such law applicable.

**2.      Debtors cannot avoid a lien impairing an exemption under § 522(f) because they held no exempt property at the time of filing bankruptcy.**

A debtor's right to an exemption is determined as of the date that the bankruptcy

---

[3] There may be some question as to the continued viability of *In re Local Service Corporation* in the Tenth Circuit in light of *WD Equipment, LLC v. Cowen (In re Cowen)*, 849 F.3d 943 (10th Cir. 2017).  In *Cowen*, the Tenth Circuit, breaking with precedent and the majority of Circuits, held that only "affirmative acts" to gain possession of, or to exercise control over, estate property were violative of the automatic stay under § 362(a), and did not prohibit creditors from passively retaining possession of property.  Section 362(a)(3), (4), (5), and (6) each contain the phrase "any act."  There is no reason to believe that the Tenth Circuit would interpret the word "act" in Section 362(a)(4) or (5) any "differently than it did in § 362(a)(3) in *Cowan*."  *Davis v. Tyson Prepared Foods, Inc. (In re Garcia)* 2017 WL 2951439 (Bankr. D. Kan. 2017).  Thus, applying *Cowan*, courts might find that the creditor's "passive act" of its lien attaching by operation of law was not a sufficient affirmative act prohibited by the automatic stay.

petition is filed.[4]  *In re Hall*, 441 B.R. 680, 685 (10th Cir. BAP 2009); *In re Robinson*, 295 B.R. 147, 153 (10th Cir. BAP 2003); *In re Wolf*, 248 B.R. 365, 367 (9th Cir. BAP 2000).  The petition date is the operative date to make determinations under § 522(f), including determinations of lien amounts and the value of the exempt property.  *In re Martinez*, 469 B.R. 74, 81 (Bankr. D. N.M. 2012); *In re Pacheco*, 342 B.R. 352, 357 (Bankr. D. N.M. 2006) ("the value of the liens, the value of the property and the amount of the exemption are all measured as of the date of the filing of the petition"); *In re Levinson*, 372 B.R. at 582, 586-87 (Bankr. E.D. N.Y. 2007), aff'd, 395 B.R. 554 (E.D. N.Y. 2008) (stating that "the petition date has been held to be the operative date for all § 522(f) determinations regarding the value of the debtor's property and the value of the liens.").

The State of Oklahoma has opted out of the federal exemptions, see Oklahoma Statute Title 31, § 1(D), so state exemptions apply.  The State is permitted to define what property is exempt under state law, but federal law, specifically § 522(f), determines the availability of lien avoidance.  *Heape v. Citadel Bank of Independence (In re Heap)*, 886 F.2d 280, 282 (10th Cir. 1989).  Thus, a lien on property can be avoided only if the property is: (1) exempt under applicable state law, and (2) enumerated as an item avoidable under § 522(f). *Id*.

In keeping with applicable law, this Court must first determine Debtors' claim of exemption of the property under the Oklahoma exemption statute.  Under Oklahoma law, in order to qualify as a homestead for exemption purposes, two requirements must be met:

---

[4] Except in cases of an involuntary bankruptcy in which the controlling date for purposes of determining exempt assets is not the date on which the involuntary petition is filed, but the date on which the order for relief is entered. *In re Hodes*, 402 F.3d 1005 (10th Cir. 2005).

(1) there must be clear intent to make certain property a homestead as expressed by "overt acts of preparation in the erection of improvements and in the preparation of the land for the home," and (2) the property must be occupied without undue postponement after the overt acts of preparation or a good faith attempt at occupancy must be made. *In re Klaus*, 228 B.R. 475, 478 (Bankr. N.D. Okla. 1999); *In re Jones*, 107 B.R. 350, 351-52 (Bankr. E.D. Okla. 1989). In the present case, as of the petition date the Debtors had neither purchased nor occupied any home. They did not have exempt property against which they could avoid a lien.

Accordingly, because the Debtors do not yet own the property upon which they seek this Court to avoid the judgment lien, their Motion to Avoid Judicial Lien [Doc. 48] is hereby **Denied.**

# # #